**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

**RICHARD GILES TORO, et al.,**

**Plaintiffs,**

**vs.**

**CIVIL NO. 97-2934 (DRD)**

**THE UNIVERSITY OF PUERTO RICO,**
**et al.,**

**Defendants.**

---

## OPINION AND ORDER

The Court addresses two issues raised in Defendant's, Analytical Genetic Testing Center, Inc. ("Analytical"), motion to dismiss and transfer venue. See (Docket No. 60). First, Lack of personal jurisdiction. Although Analytical did conduct the DNA test in Colorado, still Analytical has established some contacts with the Commonwealth of Puerto Rico. To those contacts the Court now examines. The parties of the paternity suit were ordered by the Superior Court of Puerto Rico to submit to a blood test, for the determination of whether Richard Gilés Toro ("Gilés") was the father of Richanell Kerty Giles. The University of Puerto Rico Histocompatibility Laboratory ("UPR") pursuant to Art. V, sec. 1 of the Regulation No. 83 of the Puerto Rico Department of Health was to conduct the DNA test. See (Docket No. 1, p. 5). UPR drew the blood, and sent the blood to Analytical in Denver, Colorado, for the analysis. Analytical performed the test and returned the results to UPR. UPR, in turn, presented the results to the Superior Court.

Analytical performed the DNA test pursuant to its contract with UPR. In fact, between



May 1995 to June 7, 1997, Analytical, in Denver, Colorado, performed 319 tests on blood

sample sent by UPR.  See A.H. Thomas Co. v. Superior Court of P.R., 98 P.R.R. 864, 868-870

(1970) (Puerto Rico courts have personal jurisdiction over a Defendant who transacts business in

Puerto Rico personally of through an agent); see also P.R. LAWS ANN. tit. 32 App. III R 4.7

("General Court of Justice shall take jurisdiction over [nondomiciliary of Puerto Rico] if the

action or claim arises because said person: (1) Transacted business in Puerto Rico personally or

through an agent ... ").  UPR drew the blood samples and sent the samples to Analytical.

Analytical performed the analyses in Denver and transmitted the results report back to UPR.

UPR initiated its contractual relations with Analytical, however, Analytical prepared the

contracts and included a clause that the choice of law (not choice of forum) would be Colorado.

See Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985) (enforcement of choice of forum

clause did not offend due process).  Analytical did not advertise in Puerto Rico.  Obviously, these

conceded contacts suffice as "minimum contacts" which do not offend "traditional notions of fair

play and substantial justice."  See World-Wide Volkswagon Corp. v. Woodson, 444 U.S. 286

(1980); McGee v. International Life Ins. Co., 355 U.S. 220 (1957); International Shoe Co. v.

State of Washington, 326 U.S. 310 (1945); Dalmau Rodríguez v. Hughes Aircraft Co., 781 F.2d

9, 13 (1st Cir. 1986) (Puerto Rico's long-arm statute for "in personam jurisdiction reaches to all

cases where it is constitutionally permissible."); Di Tommaso v. Boeing Co., 909 F.Supp. 63 (D.

P.R. 1995); A.H. Thomas Co. v. Superior Court of P.R., 98 P.R.R. at 870.

Second, based on the facts alleged in the Complaint the convenience of parties, witnesses

and the interest of justice militate the retention of this case by this Court.  The Plaintiff and

Defendant, Dr. Angel Rodríguez Trinidad ("Rodríguez") are Puerto Rico residents, as well as,

AO 72A
(Rev 8/82)

any witnesses other than Analytical's.  The Plaintiff chose this forum.  See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 31 (1988).  The due process challenge is to Puerto Rican officials failure to follow Puerto Rico law and absence of adequate procedures under Puerto Rico law. Definitely local concern heavily favors the present forum.  The Court needs to go no further. Analytical's motion to transfer venue (Docket No. 60) is **DENIED**.

IT IS SO ORDERED.

      **Date: September 29, 1999**

                                        **DANIEL R. DOMINGUEZ**

P:\FINALORD.ERS\97-2934A DIS                 **U.S. DISTRICT JUDGE**

AO 72A
(Rev.8/82)