

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

RICHARD GILES TORO, et al.,

Plaintiffs,

vs.                                        CIVIL NO. 97-2934 (DRD)

THE UNIVERSITY OF PUERTO RICO,
et al.,

Defendants.

## OPINION AND ORDER

On September 1, 1999, the Court issued an Opinion and Order (Docket No. 75), wherein Plaintiffs were ordered to show cause on two matters. In response, Plaintiffs filed a Notice and Motion RE: Order to Show Cause (Docket No. 79). The Plaintiffs were first ordered to show cause why Plaintiffs', Mayra Nuñez de Gilés and the conjugal partnership constituted among her and her husband (Richard Gilés Toro), claim under 42 U.S.C. § 1983 against Defendant, Analytical Genetic Testing Center, Inc. ("Analytical"), should not be dismissed for the same analysis as employed for Defendant, Dr. Angel Rodríguez Trinidad ("Rodríguez"). The Plaintiffs' response (Docket No. 79) does not even mention this issue. Plaintiffs were given a clear unambiguous directive which Plaintiffs have not followed. The Court specifically warned Plaintiffs that "[f]ailure to timely comply will result in the Court summarily applying the above analyses and dismissing Plaintiffs', Mayra Nuñez de Giles and the conjugal partnership constituted among her and her husband, claim under 42 U.S.C. § 1983 against Analytical." See (Docket No. 75, pp. 4-5). The 42 U.S.C. § 1983 claim against Analytical by plaintiffs Mayra



AO 72A
(Rev.8/82)

Nuñez de Gilés and the conjugal partnership constituted among her and her husband is hereby **DISMISSED**, because Plaintiffs failed to respond to the Court's order and because the Court believes Plaintiffs, Mayra Nuñez de Gilés and the conjugal partnership constituted among her and her husband, are not entitled to any relief under 42 U.S.C. § 1983. See Valdivieso Ortiz v. Burgos, 807 F.2d 6, 8 (1st Cir. 1986); see also Pittskey v. Warish, 927 F.2d 3, 8 (1st Cir. 1991). Additionally, the dismissal of Plaintiffs', Mayra Nuñez de Gilés and the conjugal partnership constituted among her and her husband, sole remaining federal claim leaves only Plaintiffs', Mayra Nuñez de Gilés and the conjugal partnership constituted among her and her husband, claims under Puerto Rico Law. Pursuant to 28 U.S.C. § 1376(c) and United Mine Workers of America v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138 (1966), the Court declines to exercise supplemental jurisdiction over Plaintiffs', Mayra Nuñez de Gilés and the conjugal partnership constituted among her and her husband, Commonwealth claims against the Defendants. See Rodriguez v. Doral Mortgage Corp, 57 F.3d 1168, 1177 (1st Cir. 1995). "As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplement state-law claims." Id. (citations omitted).

The second show cause order instructed Plaintiffs to show cause why his 42 U.S.C. § 1983 should not be dismissed, as to the remaining Defendants, Dr. Angel Rodriguez Trinidad and Analytical Genetic Testing Center, Inc., due to the Rooker-Feldman doctrine and/or res judicata or collateral estoppel principles. This issue will be dealt with in a later order.

AO 72A
(Rev.8/82)

Wherefore, Plaintiffs, Mayra Nuñez de Gilés and the conjugal partnership constituted among her and her husband, are **DISMISSED**.

IT IS SO ORDERED.

**Date: September 29, 1999**

*[signature]*

**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**

P.\FINALORD ERS\97-2934 OSC

-3-

AO 72A
(Rev 8/82)